FRANK V. CROUCH v. J. D. ARNETT *et al.*

No. 13,956.    (79 Pac. 1086.)

SYLLABUS BY THE COURT.

TELEPHONE COMPANIES—*Removal of Instrument by Company—Mandamus Denied.* In a proceeding in mandamus brought by a subscriber of a telephone exchange to compel the telephone company to replace in his residence a telephone instrument removed by it the proof showed that °the subscriber resided outside of a city, but near the limits, in which the telephone company carried on a large part of its business, and in which its exchange was located; that the company supplied manufactories outside the city and four residences, whose owners, however, paid for their own lines and poles. It was a disputed question of fact whether, in removing the instrument, a discrimination was practiced on the subscriber—a right infringed which he enjoyed in common with others similarly situated. *Held,* that a general finding and judgment of the trial court against the plaintiff will not be disturbed.

4—71 KAN.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed March 11, 1905. Affirmed.

*Thompson & Thompson,* for plaintiff in error.
*Campbell & Goshorn,* for defendants in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: This was an action in mandamus, brought by plaintiff in error in the district court to compel the firm of Arnett & Hobart, doing business as the Iola Telephone Company, to replace in his residence a telephone instrument which, it is alleged, was arbitrarily removed therefrom by the company.

Evidence was offered by the plaintiff showing that defendants, when this controversy arose, had been operating a local telephone system in Iola and vicinity for about seven years, and that the residence in which Crouch lived had been supplied with an instrument during that time. Three other persons, however, had lived in the premises during the time previous to the occupancy of plaintiff. There were 460 patrons of the telephone company in Iola and vicinity, 26 of whom were outside the city limits. The company also maintained telephones in connection with the Iola exchange at Gas City, three and one-half miles east, and at La Harpe, three miles further distant.

The residence of plaintiff was situated on grounds adjoining the city but not within the corporate limits. The pole from which the wire extended into Mr. Crouch's home was thirty feet from the house and situated within the corporate limits of Iola. A dispute arose between the company and Mr. Crouch respecting the payment of telephone charges, resulting in threats by the former to remove the instrument, but before it was taken out a payment was made, so that the question of the delinquency of the plaintiff is not a factor in the case.

Testimony introduced on behalf of the telephone company tended to show that telephones were installed in manufactories outside of the city—cement plants and brick-works—but that none of them was in the vicinity of Mr. Crouch's residence, the nearest being about half a mile. The zinc smelter adjoining the city to the northwest, the ice plant, a laundry, the water-works company and the pest-house west of the city limits were also supplied with telephones. Instruments were also furnished at the residences of four persons outside of the corporate limits of Iola, but these persons either furnished or paid for their own lines and poles.

Defendants in error were granted by ordinance the right to construct a telephone line in the city of Iola, and to use the streets and alleys for the erection of poles.

A trial before the court, without a jury, resulted in a judgment in favor of the telephone company, and plaintiff complains.

It may be conceded that defendants below, by devoting their property to public employment, and by putting it in the service of the public, thereby subjected it to the regulation of the legislature and control of courts to the same extent as other common carriers are controlled. (*State of Missouri v. Bell Telephone Co.*, 23 Fed. 539; *Delaware & A. Telegraph & Telep. Co. v. State of Delaware*, 50 Fed. 677, 2 C. C. A. 1.) We also agree with counsel that such companies cannot lawfully discriminate between subscribers of the same class, and that a company or partnership doing a general telephone business in a city must treat impartially all persons whom they undertake to serve. Also, when doing a general business outside a city, all patrons in the vicinity must be dealt with impartially. The question of fact tried and considered by the court below was whether the telephone company was doing a general business outside of Iola and in the vicinity

thereof. The general finding of the trial court determined the question in the negative, and that the limits of the company's general business outside the city did not embrace the plaintiff's residence. While the company was serving several manufactories beyond the city limits, they were not in the class with the plaintiff, and the owners of residences outside the city who had telephones were supplied at their own expense or paid for the poles and wires used to connect them with the exchange. If Mr. Crouch had resided in the city his rights would have been clear. Being outside, a question of fact was presented whether in removing his instrument a discrimination was practiced on him—a right infringed which he enjoyed in common with others situated similarly. A telephone company operating wholly within the corporate limits of a city could not be compelled to supply instruments to residents beyond the boundaries of the town and make connections therewith. In this instance it did serve patrons outside of Iola, but the disputed question was whether Mr. Crouch, by reason of proximity and other conditions, was entitled to equal rights with them. This was to be determined from the testimony of witnesses and was peculiarly within the province of the trial court. That there was some evidence to sustain the judgment of the court below cannot be denied.

The judgment is affirmed.

GREENE, BURCH, MASON, JJ., concurring.

CUNNINGHAM, J. (dissenting) : It is true that a telephone company is a common carrier of news, and as such is prohibited from discriminating in its service to the public. It must serve all who are substantially in the same general position. The facts of this case show, I think, that this right was denied the plaintiff. The telephone line was built and maintained along the street on which he lived. With thirty feet of wire his dwelling could be connected with the system, and had

been so connected for seven years. The fact that his dwelling was outside the city limits is a negligible one. That of itself did not remove him beyond the sphere of the company's duty to him. Its duty to serve the public was not necessarily limited by municipal lines, nor was its practice so confined. The plaintiff was substantially in the same position as one on the other side of the municipal line, and by a continued course of action for seven years the company had not only recognized this fact but had also recognized its duty in this respect. The company, therefore, having undertaken to serve the plaintiff, who was within the limits of reasonable service as established and recognized by the company itself, it cannot now withdraw from such service without reasonable excuse, which it has failed to give. This is not a case where the court has decided the facts of a case upon disputed evidence, but one where a wrong legal conclusion has been arrived at from admitted facts.

Chief Justice JOHNSTON and Mr. Justice CLARK A. SMITH join with me in this dissent.