(115 App. Div. 51)

ARMOUR PACKING CO. v. EDISON ELECTRIC ILLUMINATING CO.
OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.    October 5, 1906.)

1. ELECTRICITY—SUPPLY OF ELECTRICITY—CHARGES—DISCRIMINATION.
    A corporation engaged in furnishing electric light and power, and using the public highways, etc., may not charge a customer greater rates than it charges others for the same service and under the same conditions, and this notwithstanding that the charges are made the customer in question under a written contract.

2. PAYMENT—RECOVERY OF PAYMENTS—MISTAKE OF FACT.
    Where the customer of an electric company, who was unaware of the discrimination, paid the company sums in excess of that charged others for the same service and under the same conditions, the payment was under a mistake of a material fact, and hence, the exaction of the excess being unlawful, it was recoverable.

    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Payment, §§ 272–274.]

Appeal from Special Term, Kings County.

Action by the Armour Packing Company against the Edison Electric Illuminating Company of Brooklyn.  From a judgment in favor of defendant, plaintiff appeals.  Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Philip B. Adams, for appellant.
John L. Wells, for respondent.

HOOKER, J.  The plaintiff was a consumer of electricity for lighting purposes which had been supplied by the defendant.  The action is to recover back a sum of money which it is alleged was paid to the defendant for this service over and above the sums paid by other persons, firms, and corporations under similar circumstances and conditions, on the theory that the sums charged to the plaintiff were excessive and unjust to the extent of the amount of the excess over the rate charged for the same service under the same conditions to others. For a separate defense the defendant in his answer alleges that the payments made by the plaintiff were pursuant to the terms of a written contract which had theretofore been entered into between the parties respecting the services rendered by the defendant to the plaintiff. The defendant demurred to this separate defense on the ground that it was insufficient in law upon the face thereof.  The learned court below, looking into the sufficiency of the complaint and directing judgment dismissing the complaint, said:

"The defendant was under no statutory obligation to furnish light at any particular price and under the common law as established by the decisions of the courts of this state the complaints do not state facts sufficient to constitute a cause of action. In no essential feature can these cases be distinguished from the case of Killmer v. N. Y. Central & H. R. R. R. Co., 100 N. Y. 395, 3 N. E. 293, 53 Am. Rep. 194."

On demurrer to the answer on the ground of insufficiency, the defendant might attack the complaint because it does not state facts sufficient to support a cause of action. The demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective in substance, because he who does not so plead as to invite an issue cannot compel his adversary so to plead as to accept it. Baxter v. McDonnell, 154 N. Y. 432, 436, 48 N. E. 816. It is proper for us then to consider first whether the complaint states a cause of action, and if the conclusion is reached that it does, a discussion of the separate defense contained in the answer should follow.

The complaint shows the incorporation of the parties and alleges that for the purpose of supplying its customers with electricity for lighting and heating purposes defendant used the public highways, streets, and alleys, and public and private buildings; that on or prior to February 8, 1900, the plaintiff requested the defendant to furnish it electric current for lighting and power at four different places; and that from that time for the period of something over four years the plaintiff consumed a large amount of electricity at the places it was supplied, and that the defendant charged and plaintiff paid at the average rate of $17^{26}/_{109}$ cents per kilowatt hour, which defendant demanded and plaintiff paid in full at the expiration of each month or when the defendant rendered to the plaintiff its bills for each month's service. The "fifth" paragraph alleges:

"Upon information and belief that, during all of said period, the defendant wrongfully and unjustly discriminated against the said plaintiff in rendering to other persons, firms, and corporations, under similar circumstances and conditions, the same service at a much less rate or price, to wit, for the average price of nine cents (9¢) per kilowatt hour, and in other instances, rendered the same service under similar circumstances and conditions to other persons and firms upon a sliding price scale of prices of 10, 7½, and 5 cents per kilowatt hour."

The plaintiff also alleges that the sum so received by the defendant was excessive and unjust to the extent of the amount of the excess over the rate charged for the same service under the same conditions to other of its customers. The "eighth" paragraph of the complaint alleges:

"That all of the payments made by the plaintiff to the defendant, as set forth in paragraph fourth of this complaint, were made by the plaintiff without any notice or knowledge that others of the defendant's consumers were receiving a more favorable rate, and were made under the assumption and belief that the defendant was computing the bills of all of its customers for similar service at the same rate charged this plaintiff."

The plaintiff alleges that before the commencement of this action the plaintiff demanded from defendant the repayment of the whole of the overcharge which was refused by the defendant, and asks judgment for the excess.

The defendant is a public service corporation subject generally to the rules and conditions which govern common carriers and as such may not discriminate between its customers. It is said in 10 American & English Encyclopædia of Law (2d Ed.) 869:

"Electric light companies, being given the use of the streets and public ways for the erection of such appliances, as are necessary for the maintenance of their works, and having the right to acquire the use of land for their business by writs of ad quod damnum, are quasi public corporations, and it is therefore their duty to furnish the city's inhabitants with electric light and to do so upon terms and conditions common to all and without discrimination. They cannot fix a variety of prices or impose different terms and conditions according to their caprice or whim."

The justice of this rule cannot well be doubted. Speaking of similar business, the Supreme Court of the United States has said that:

"The supplying of illuminating gas is a business of a public nature, to meet a public necessity. It is not a business like that of an ordinary corporation engaged in the manufacture of articles that might be furnished by individual effort." Gibbs v. Consolidated Gas Co. of Baltimore, 130 U. S. 396, 400, 408, 9 Sup. Ct. 553, 32 L. Ed. 979.

In Western Union Telegraph Co. v. Call Publishing Co., 181 U. S. 92, 21 Sup. Ct. 561, 45 L. Ed. 765, the plaintiff in error was a quasi public corporation engaged in transmitting telegraphic messages for hire. The charge to the defendant in error was $5 per 100 words and to the State Journal Company $1.50 per 100 words. The Call Publishing Company had judgment against the telegraph company on the theory that it had been unjustly discriminated against. The opinion in the Supreme Court states (page 99 of 181 U. S., page 563 of 21 Sup. Ct. [45 L. Ed. 765]):

"The case, therefore, was not submitted to the jury upon the alleged efficacy of the Nebraska statute in respect to discriminations, but upon the propositions distinctly stated, that where there is dissimilarity in the services rendered a difference in charges is proper, and that no recovery can be had unless it is shown, not merely that there is a difference in the charges, but that that difference is so great as, under dissimilar conditions of service, to show an unjust discrimination, and that the recovery must be limited to the amount of the unreasonable discrimination. No one can doubt the inherent justice of the rules thus laid down. Common carriers, whether engaged in interstate commerce or in that wholly within the state, are performing a public service. They are endowed by the state with some of its sovereign powers, such as the right of eminent domain, and so endowed by reason of the public service they render. As a consequence of this, all individuals have equal rights both in respect to service and charges. Of course, such equality of right does not prevent differences in the modes and kinds of service and different charges based thereon. There is no cast iron line of uniformity which prevents a charge from being above or below a particular sum, or requires that the service shall be exactly along the same line. But that principle of equality does forbid any difference in charge which is not based upon difference in service, and even when based upon difference of service, must have some reasonable relation to the amount of difference, and cannot be so great as to produce an unjust discrimination."

Both reason and authority, therefore, sustain the plaintiff's contention that the defendant engaged in public service may not discriminate against it in favor of others in charges for the same service and under the same conditions.

The case of Killmer v. N. Y. C. & H. R. R. R. Co., 100 N. Y. 395, 39 N. E. 293, 53 Am. Rep. 194, cited by the learned Special Term, is not in point. There the plaintiff based his claim entirely upon an excessive and unreasonable charge, and it was not at all founded on the theory of an unjust discrimination. There was no proof in that case that the same or similar service had been rendered under the same or similar circumstances and conditions to others for a lesser rate.

The respondent urges strenuously that the plaintiff paid the full amount of the bills rendered him voluntarily and without such mistake of fact as will permit it to recover in this action. The general rule is that money paid under mistake of a material fact may be recovered. The difficulty in applying this rule is to determine what "material facts" are. Little of that difficulty is experienced in the case at bar, for the ignorance alleged in the complaint is in respect to the lesser charges made others for the same service under the same conditions, and that ignorance of this fact is ignorance of a material fact must be apparent when it is considered that the charge of a lesser rate to others is in itself the unjust discrimination which is the gist of this action.

These facts lead to the conclusion that the complaint states facts sufficient to constitute a cause of action. The remaining inquiry presented by the plaintiff's demurrer to the separate defense in the answer is whether that defense is a mere allegation that payments were made pursuant to specific contracts. It being a separate defense, it must be treated as a complete defense to the whole cause of action. That it is insufficient in law almost follows as a corollary to the proposition that the defendant may not lawfully discriminate against the plaintiff in matter of charges in favor of others where the conditions are similar. In Bank of Kentucky v. Adams Express Co., 93 U. S. 174, 23 L. Ed. 872, it was said that the express company could not escape liability by reason of a stipulation in its contract limiting its common-law liability. Here the plaintiff contracted to pay certain rates in ignorance of the unjust discrimination the defendant was making against him, which discrimination has been shown to be unlawful, and certainly the payment cannot attain to the dignity of a defense complete in itself simply because it was the subject of a contract between the parties. The contract itself was a part of the unlawful discrimination, for by its terms plaintiff was required to pay rates in excess of those charged others for the same service under the same conditions. The mere fact that the payment was required, and so by reason of a contract, cannot very well excuse the defendant for the unjust discrimination which by reason of that contract springs into being.

Inasmuch as the complaint does state a cause of action and the separate defense demurred to is sufficient in law upon the face thereof, the judgment appealed from must be reversed and the demurrer sustained.

Judgment reversed, and demurrer to the separate defenses sustained with costs, and new trial granted; costs to abide the final ward of costs. All concur.