(115 App. Div. 57)

ARMOUR & CO. v. EDISON ELECTRIC ILLUMINATING CO. OF BROOK-
LYN.

(Supreme Court, Appellate Division, Second Department. October 5, 1906.)

ACCORD AND SATISFACTION—PLEADING.

In an action by a consumer of electricity against the electric company
to recover sums paid by plaintiff in excess of the charges made by defend-
ant to others for similar service, an allegation of the answer that prior
to the action plaintiff settled and adjusted all accounts of the defendant
against plaintiff was insufficient as an allegation of accord and satis-
faction, or of a release.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Accord and Satis-
faction, § 155; vol. 42, Cent. Dig. Release, § 88.]

Appeal from Special Term, Kings County.

Action by the Armour Packing Company against the Edison
Electric Illuminating Company of Brooklyn. From a judgment in
favor of defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH,
MILLER, and GAYNOR, JJ.

Philip B. Adams, for appellant.
John L. Wells, for respondent.

HOOKER, J. This appeal presents all of the questions decided
in Armour Packing Co. v. Edison Electric Illuminating Co., 100
N. Y. Supp. 605, decided herewith. An additional question arises
here in this manner: The defendant in addition to alleging that
the payments were made pursuant to specific terms in writing be-
tween the parties, avers a second separate defense that, prior to
the commencement of this action, the plaintiff settled and adjusted
all accounts of the defendant against the plaintiff for electric light
current furnished at the localities named in the complaint, and the
plaintiff paid defendant in full therefor. The plaintiff demurs to
this second separate defense as well as to the other, on the ground
that the same is insufficient in law upon the face thereof, and the
demurrer should be sustained. This allegation in the answer is
nothing more than a reiteration of the allegations in the complaint
that the plaintiff paid in full under its contract for all electric cur-
rent furnished by the defendant. The suggestion made by the re-
spondent that this is an allegation of accord and satisfaction or a
pleading of a release does not meet the situation, for it fails to
allege that the adjustment was made of the matters and things com-
plained of in the complaint. The allegation of the payment of the
bills is not the allegation of payment of the plaintiff's present claim
which is for unjust discrimination, and inasmuch as the gist of the
action is an overcharge by reason of unjust discrimination, the
payment of the bills is rather a part of the cause of action than a
defense.

The judgment in this case must, therefore, also be reversed, and
the entire demurrer sustained.

Judgment reversed, and demurrer to the separate defense sustained, with costs, and new trial granted; costs to abide the final award of costs. All concur.