### MURPHY v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   November 6, 1908.)

1. MUNICIPAL CORPORATIONS (§ 751*) — STREETS — EXPLOSION—LIABILITY FOR INJURY.

New York City is not liable for injury caused by an explosion of 200 pounds of dynamite stored in a street by a subcontractor in constructing a section of the rapid transit subway, even if a permit given by the fire commissioner for the storage of 50 pounds of dynamite was valid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1580; Dec. Dig. § 751.*]

2. MASTER AND SERVANT (§ 315*)—NEGLIGENCE—SUBCONTRACTORS—LIABILITY OF CONTRACTOR.

In the absence of exceptional circumstances, an original contractor is not liable for negligence of his subcontractor in carrying out the work entrusted to him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1245, 1246; Dec. Dig. § 315.*]

3. MASTER AND SERVANT (§ 323*) — NEGLIGENCE—CONTRACTORS—NUISANCES— LIABILITY.

Where work itself constitutes a nuisance, the principal as well as the contractor becomes liable for resultant damages; but otherwise when the nuisance lies only in the means adopted by the contractor in doing the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1264; Dec. Dig. § 323.*]

4. MASTER AND SERVANT (§ 323*) — NEGLIGENCE—SUBCONTRACTORS—LIABILITY OF CONTRACTOR.

A contractor for the construction of a subway is not liable for injury caused by a subcontractor storing along the line of work an inordinate quantity of dynamite and failing to take proper precautions to prevent its explosion, where such acts were not provided for in the subcontract and were not necessarily involved in executing it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1264; Dec. Dig. § 323.*]

Patterson, P. J., dissenting in part.

Appeal from Special Term, New York County.

Action by Edward F. Murphy, as sole surviving executor of Hugh Smith, deceased, against the city of New York and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert C. Smyth, for appellant.

De Lancey Nicoll, for respondents McDonald and Rapid Transit Subway Construction Co.

Theodore Connoly, for respondent city of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. This is an action against the city of New York and the contractors for the construction of the rapid transit subway for damages to plaintiff's property, resulting from an explosion of dynamite in the excavation in Park avenue during the course of construction. The facts presented by the record do not differ in any important particular from those presented and considered in Carpenter v. City of New York, 115 App. Div. 552, 101 N. Y. Supp. 402, wherein we had occasion to consider the liability of the city of New York for an injury to the plaintiff in that case, caused by the same explosion. The only substantial difference between this case and that is that in the Carpenter Case it did not appear that the subcontractor engaged in doing the work had obtained any permit or license from the city of New York or any municipal authority to erect or maintain a magazine or keep explosives in it. This fact was referred to in the former opinion, not as decisive of the case, but as distinguishing it from Landau v. City of New York, 180 N. Y. 48, 72 N. E. 631, 105 Am. St. Rep. 709, and Speir v. City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. Rep. 664.

The evidence tended to show that the subcontractor was in the habit of keeping a very large amount of dynamite, estimated at several hundred pounds, in the excavation in front of plaintiff's premises, and that the explosion which caused the damage complained of involved at least 200 pounds of the explosive. In the present case it was shown that the fire commissioner of the city had issued a permit to the subcontractor to use and keep not exceeding 50 pounds of dynamite in a hand magazine for blasting purposes in Park avenue, between Thirty-Seventh and Forty-First streets. We are not aware of any statute or ordinance, and we have been referred to none, which authorized the fire commissioner, on behalf of the city of New York, to grant a permit for the storage of the amount of dynamite mentioned in his permit. It is not important, however, to consider that question, for the permit, at most, provided only for the storage of 50 pounds, and the accident concededly involved a very much larger quantity than that. For all that appears, if the subcontractor had limited himself to keeping on hand only the amount of dynamite specified in the permit, no explosion would have occurred. We do not consider, therefore, that the evidence as to the issuance of the permit affects the liability of the city in any way, and for the reasons stated at some length in the Carpenter Case, supra, we are of opinion that the complaint was rightly dismissed as against the city of New York.

The defendant McDonald was the original contractor for the construction of the whole Rapid Transit Railway, which included that portion thereof in which the explosion occurred. He sublet on September 4, 1900, to one Ira A. Shaler, a section of the work extending from Thirty-Third street to Forty-First street on Park avenue. It was Shaler who kept and stored the dynamite which exploded, and the explosion occurred within the limits of the section sublet to him. The defendant Rapid Transit Subway Construction Company entered into a contract with McDonald whereby it agreed to finance the work undertaken by him, and to receive and disburse the moneys to be paid to him under the contract. We have, therefore, presented the familiar

case of an accident resulting from the fault or negligence of a subcontractor in carrying out the work entrusted to him. It is well settled that in such a case, unless there be exceptional circumstances present, the original contractor is not liable for the tort of his subcontractor.

The plaintiff seeks to avoid the operation of this rule by insisting that the act of Shaler in keeping on storage so large a quantity of dynamite constituted a nuisance; that the work sublet to him necessarily and notoriously would require the use of large quantities of dynamite or some other high explosive, and therefore that McDonald must be deemed to have contracted with Shaler that the latter should maintain a nuisance. There is no doubt that, where the work contracted for will itself constitute a nuisance, the principal as well as the contractor becomes liable for the damages resulting therefrom; but this rule does not apply when the nuisance lies, not in the work contracted for, but in the means adopted by the contractor for carrying out the work. What McDonald contracted for with Shaler was that the latter should excavate a tunnel, which was fully authorized by law, and would not in itself constitute a nuisance. The nuisance, if there was one, consisted in one of the means adopted for carrying out the work, viz., in storing along the line of the work an inordinate quantity of dynamite and failing to take proper precautions to prevent its explosion. This was not provided for in the contract between McDonald and Shaler, nor necessarily involved in the execution of the contract.

There is, therefore, no ground for charging McDonald or the contracting company with the consequences of Shaler's acts in that regard. We are of the opinion that the complaint was also rightly dismissed as to the defendants McDonald and the Rapid Transit Subway Construction Company.

Judgment affirmed, with costs. All concur, except PATTERSON, P. J., who dissents as to the city of New York.