## Mooreland Rural Telephone Company v. Mouch.

### [No. 6,964. Filed October 27, 1911.]

1. Telegraphs and Telephones.— *Common Carriers.*— Telephone companies are common carriers of news; and the property used in such business is impressed with a public use. p. 524.

2. Telegraphs and Telephones.— *Discrimination.*— Telephone companies must serve the public without discrimination. p. 524.

3. Telegraphs and Telephones.—*Legislative Control Over.*—The legislature has control over telephone companies. p. 524.

4. Telegraphs and Telephones.—*Discrimination.—Complaint.*— A complaint alleging that defendant telephone company charged $1 a month for residence telephones and $1.25 a month for "business telephones," that the plaintiff had a residence telephone and that the defendant demanded the payment of $1.25 a month therefor and that no one else was charged such price for a residence telephone, sufficiently shows a discrimination, and entitles the plaintiff to injunctive relief. p. 525.

5. Telegraphs and Telephones.—*Discrimination.—Answer.*—In a suit to enjoin a telephone company from refusing to serve the plaintiff, the complaint alleging that the company wrongfully demanded a "business" rate for his residence telephone, an answer that the plaintiff, without right, was using his residence telephone for business purposes, is insufficient, since it fails to show that others, similarly situated, were not doing likewise. p. 527.

From Henry Circuit Court; *Ed Jackson,* Judge.

Suit by Joseph Mouch against the Mooreland Rural Telephone Company. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Forkner & Forkner,* for appellant.

*Eugene H. Bundy* and *N. Guy Jones,* for appellee.

MYERS, J.—This was a suit by appellee against appellant, to enjoin the latter from removing a telephone from the former's residence. A demurrer for want of facts was sustained to appellant's amended answer, and on its refusal to plead further, a decree was entered for appellee.

The errors assigned call in question the sufficiency of the complaint for want of facts, by an independent assignment, and also by an assignment based on the failure of the court to carry the demurrer to the answer back to the complaint, and the ruling of the court on the demurrer for want of facts to the amended answer.

It appears that appellant is a corporation engaged in the general telephone business, with its home office and principal place of business at the town of Mooreland. Appellee is a resident of said town, and is there conducting and operating a grain elevator, and doing a general grain business. Aside from his elevator, in which he has an office, he maintains a dwelling-house, in which the telephone in question is located. Since the organization of said telephone company appellee has been a stockholder, and, under its rules, is entitled to two telephones. Prior to September, 1907, he had one telephone in his residence and one in his office, paying for each $1 a month, the uniform charge under the rules of the company. The answer avers that on August 17, 1907, the stockholders at a general meeting adopted the following resolution: "That all business men, including doctors, stock-dealers that ship on an average of one car each month, blacksmiths, contractors, real estate agents, etc., be charged twenty-five cents more each month for each business telephone, commencing September 1, 1907." This resolution was in force at the time this suit was commenced. On September 6, 1907, the board of directors of said company, at a special meeting, ordered the removal of all telephones classed as business telephones, unless the patrons having such telephones would pay the increased rate. Appellee refused to pay the extra charge for the use of the telephone in his office,

and it was thereupon removed. Thereafter said board classed the telephone in appellee's residence as a business telephone, on the theory, as averred in appellant's amended answer, that appellee, after the removal of the telephone from his office, maintained no other telephone for business purposes, "and from that time to the present time he has unlawfully and without right used the telephone in his residence for business purposes, and has constantly transacted his business over said telephone, and refuses to pay any additional charge therefor, over and above the regular and ordinary charge for a residence telephone," and because of such refusal appellant intends to and will remove the telephone from appellee's residence. The complaint alleges that the action of the board in classing the telephone in appellee's residence as a business telephone, and demanding of him twenty-five cents extra each month over the rate charged users of other telephones classed as residence telephones, was unreasonable, arbitrary, unjust and partial, and imposed upon appellee a condition and restriction not imposed upon or required of other patrons of the company having telephones in their residences; that his use of said telephone is not different from the usual and ordinary use of telephones by patrons of the company in their different residences, and that he has complied with all the rules and regulations of the company, other than the payment of the extra twenty-five cents a month demanded of him on account of the telephone in his residence.

The gist of this suit is discrimination and partiality, and on this subject the legislature has enacted the following statute: "Every telephone company with wires wholly or partly within this State, and engaged in a general telephone business, shall within the local limits of such telephone company's business supply all applicants for telephone connections and facilities with such connections and facilities without discrimination or partiality, provided such applicants comply or offer to comply with the reasonable regula-

tions of the company; and no such company shall impose any conditions or restrictions upon any such applicant that are not imposed impartially upon all persons or companies in like situation, nor shall such companies discriminate against any individual or company engaged in any lawful business, or between individuals or companies engaged in the same business, by requiring as a condition for furnishing such facilities that they shall not be used in the business of the applicant, or otherwise for any lawful purpose.'' Acts 1885 p. 151, §5802 Burns 1908. Appellee is both a stockholder and a patron of the company, and while his rights as a stockholder are not involved, he claims that the threatened action of appellant will invade his rights as a patron.

It is clear from the nature of appellant's business and field of operations that it must be regarded as a common carrier of news, and impressed with a public interest. *Central Union Tel. Co.* v. *State, ex rel.* (1889), 118 Ind. 194, 10 Am. St. 114. If this be true, then, at common law, its obligations to the public within the local limits of its business require that it serve all alike situated, who will comply with its reasonable rules, without discrimination or partiality. *Central Union Tel. Co.* v. *Bradbury* (1885), 106 Ind. 1; *Hockett* v. *State* (1886), 105 Ind. 250, 55 Am. Rep. 201; *Vaught* v. *East Tenn. Tel. Co.* (1910), 123 Tenn. 318, 130 S. W. 1050, 31 L. R. A. (N. S.) 315; *Postal Cable Tel. Co.* v. *Cumberland Tel., etc., Co.* (1910), 177 Fed. 726. As a common carrier, appellant was subject to legislative control. *Central Union Tel. Co.* v. *Bradbury, supra.* The legislature, in view of its right so to do, enacted the statute to which we have referred, and while this statute may be merely declaratory of the common law, as applied to telephone companies, it serves to reaffirm the law in this State, that each individual within the territory covered by such company is entitled to receive the same service as that granted to other

like users and on equal terms. As said in *Central Union Tel. Co. v. State, ex rel., supra:* "It is a legal right which may be enforced by mandate."

The question here is not one requiring us to consider the reasonableness or unreasonableness of the proposed rental charge, nor do we understand that the charge is justi-

4. fied solely on the ground that appellee is within the class appellant is pleased to designate as "business men;" nor because of financial value of the service rendered appellee, for neither would be a proper basis upon which to fix its rates of service. *Postal Cable Tel. Co. v. Cumberland Tel., etc., Co., supra.* But the additional charge is made on the ground of use as a "business telephone." The exact meaning of the words "business telephone," as used in the resolution, is not clear. If it were intended thereby, in connection with the words "business men," to cover telephones used exclusively or mainly by persons conducting mercantile, manufacturing or trade pursuits only, then such resolution might be considered as carving out a class of telephones according to use for which such patrons should pay an additional rental. But, if the words "business men" are to be taken as meaning men engaged in business, as the modifying word "business" is defined, then the men thus characterized would include all who, as their chief concern, give their time and attention to any particular livelihood, occupation or employment. Century Dictionary. And in that connection, a "business telephone" would be one where the chief object of its maintenance is its use in carrying on the business in which such patron is engaged. If the resolution is to be given the latter construction, then from common knowledge we know that but a small per cent of appellant's telephone users would be exempt from the additional monthly charge. From appellee's complaint we learn that the telephone in question is located in his residence, and that appellant's rental rate for residence telephones is $1 a month. Therefore, if appellant bases its

charges upon the use of its telephones and there is no substantial difference in the conditions, mode and kind of service rendered by it to appellee, and to other users of its telephones in dwelling-houses, it must necessarily follow that it is exacting from one of its patrons, for continuing to furnish him service, a money rental in excess of that charged and demanded of others for the same service under the same conditions. The facts stated in the complaint are admitted to be true, and, therefore, appellant is guilty of discrimination and partiality, not only upon common-law principles, but under the statute requiring not only equal facilities, but uniform charges to all under substantially the same conditions. *State, ex rel.,* v. *Cadwallader* (1909), 172 Ind. 619; *Nebraska Tel. Co.* v. *State, ex rel.* (1898), 55 Neb. 627, 76 N. W. 171, 45 L. R. A. 113.

In the case of *Western Union Tel. Co.* v. *Call Pub. Co.* (1901), 181 U. S. 92, 21 Sup. Ct. 561, 45 L. Ed. 765, it is said: "There is no cast-iron line of uniformity which prevents a charge from being above or below a particular sum, or requires that the service shall be exactly along the same lines. But that principle of equality does forbid any difference in charge which is not based upon difference in service, and, even when based upon difference of service, must have some reasonable relation to the amount of difference, and cannot be so great as to produce an unjust discrimination." So if there is no substantial difference between the service appellant is furnishing to appellee, and that furnished to other users of residence telephones, the action of the board relative to appellee's telephone will not justify the increased rate, nor will the resolution, that all business men be charged at a certain rate for each business telephone, authorize appellant to increase and compel appellee to pay a rental not exacted from other subscribers of the same class or in like situations. *Plummer* v. *Hattelsted* (1908), 117 N. W. (Iowa) 680; *Crouch* v. *Arnett* (1905), 71 Kan. 49, 79 Pac. 1086; *Vaught* v. *East Tenn. Tel. Co., supra; Armour*

*Packing Co.* v. *Edison Electric, etc., Co.* (1906), 115 App. Div. 51, 100 N. Y. Supp. 605. The complaint before us states a cause of action.

Referring to appellant's answer, it will be seen that the only averment tending to negative the showing made by appellee, that he is not using his residence telephone otherwise than in the usual and ordinary way, is that from a certain time appellee, without right, used the telephone in his residence for business purposes, and has constantly transacted his business over that telephone. This averment does not negative the fact that appellee is not using his telephone differently from all other residential users. From aught appearing, other patrons of the company designated by it as "business men," may be using their residence telephones for business purposes, without extra charge.

Judgment affirmed.